UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**JOSE JAVIER HIDALGO NUNEZ**  CASE NO.  3:25-CV-01771 SEC P

**VERSUS**  JUDGE TERRY A. DOUGHTY

**PAM BONDI ET AL**  MAG. JUDGE KAYLA D. MCCLUSKY

### MEMORANDUM ORDER

Before the Court is an Emergency Ex Parte Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction ("PI") [Doc. No. 10] filed by Petitioner, Jose Javier Hidalgo Nunez ("Petitioner"). Counsel for Petitioner filed the pending Motion to locate the Petitioner as the Immigration and Customs Enforcement's ("ICE") system did not show him in custody and his whereabouts were unknown at the time of filing.[1] The Motion sought to prevent Petitioner's transfer from out of this Court's jurisdiction and his immediate release from ICE detention.[2] The Court ordered response deadlines [Doc. No. 11]. Respondents Pam Bondi, Brian Acuna, and Kristi Noem (collectively, "Respondents") filed an Opposition to Petitioner's Motion [Doc. No. 12]. On January 26, 2026, Petitioner's counsel was advised Petitioner was detained at Adams County Correctional Center in Mississippi.[3] Upon notification of Petitioner's location, Petitioner filed a Reply [Doc. No. 13] stating that "we believe the issues in the Motion for the Temporary Restraining Order and Preliminary

---

[1] [Doc. No. 10, p. 2].
[2] [Doc. No. 10-1, p. 10].
[3] [Doc. No. 13, p. 3].

Injunction have been resolved and request that the Petition for Writ of Habeas Corpus be considered after the Defendants' Response and the Plaintiff's Reply."[4]

While Petitioner's location is now known, the relief he seeks remains the same: that Respondents do not transfer him out of this Court's jurisdiction and that he be immediately released from detention.[5] Accordingly, the Court addresses the requested relief to resolve any remaining issues.

First, Petitioner requests the Court to "enjoin the Respondents from transferring him outside of this [Court's geographic] jurisdiction during the pendency of these proceedings."[6] Respondents properly argue Petitioner's "transfer to another district does not affect this Court's [personal] jurisdiction over the Petitioner's Habeas Petition."[7] *See Griffen v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014) ("[J]urisdiction attache[s] on [the] initial filing for habeas corpus relief."). Even though Petitioner was transferred to Mississippi, this Court maintains jurisdiction to rule on his Habeas Petition. *Id.* Accordingly, this argument fails.

Second, Petitioner seeks the same relief in his Habeas Petition and pending Motion—release from custody.[8] Recently, this Court has previously declined to issue preliminary relief in several similar cases where the relief requested in the TRO mirrored the relief requested in the Habeas Petition because those petitioners had not shown irreparable harm. *See Bueso v. Noem*, No. 3:25-CV-1505, 2025 WL

---

[4] [Id.].
[5] [Doc. No. 10-1, p. 10].
[6] [Id. at p. 5].
[7] [Doc. No. 12, p. 3].
[8] [Doc. No. 1, p. 4]; [Doc. No. 10-1, p. 10].

3707316, at *2–3 (W.D. La. Dec. 22, 2025); *Gonzalez v. Noem*, No. 3:25-CV-2117, 2025 WL 3755544, at *2 (W.D. La. Dec. 29, 2025); *Guizar Lozano v. Ladwig*, No. 1:25-CV-1611, 2025 WL 3765945, at *7–8 (W.D. La. Dec. 30, 2025). Because the preliminary relief sought—release from custody—mirrors the ultimate relief sought in the Habeas Petition, Petitioner must show something that suggests a final ruling on his Habeas Petition "would not grant the Plaintiff the prayed-for relief" or would be "too little, too late." *Guizar Lozano*, 2025 WL 3765945, at *8 (citing *Callaway*, 489 F.2d at 573). Petitioner has failed to make such a showing, so he cannot prove irreparable harm.

Consequently, the Court finds that no issues remain with respect to the TRO and PI. Accordingly, the pending Motion [Doc. No. 10] is **DENIED AS MOOT**.

For the reasons stated above,

**IT IS ORDERED** that Petitioner's Emergency Ex Parte Motion for Temporary Restraining Order and Preliminary Injunction is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Petitioner's Habeas Petition [Doc. No. 1] is referred to the Magistrate Judge.

MONROE, LOUISIANA, this 30th day of January 2026.

                                                          TERRY A. DOUGHTY
                                                          UNITED STATES DISTRICT JUDGE