**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**MONROE DIVISION**

| | |
|---|---|
| **JOSE JAVIER HIDALGO NUNEZ** | **CASE NO.  3:25-CV-01771 SEC P** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **PAM BONDI ET AL** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**MEMORANDUM RULING**

Before the Court is a Report and Recommendation by the Magistrate Judge [Doc. No. 17], recommending the Court grant the Petition for Writ of Habeas Corpus ("Habeas Petition") [Doc. No. 1] filed by Petitioner, Jose Hidalgo Nunez ("Nunez"). Respondents filed objections to the Report and Recommendation [Doc. No. 18], and Nunez filed a response [Doc. No. 20] in support of the Report and Recommendation.

## I.    Background

On March 27, 2022, Nunez, a Cuban national, entered the United States at Eagle Pass, Texas, and surrendered to federal authorities.[1] He was detained for a day and then released on his own recognizance.[2] Nunez made his way to Buffalo, New York, and filed three applications for relief before an Immigration Court there.[3] On July 15, 2024, the Immigration Court denied Nunez's applications for relief and ordered that he be removed to Cuba.[4] Nunez timely appealed these decisions to the Board of Immigration Appeals ("BIA").[5]

---

[1] [Doc. No. 1, ¶¶ 15, 20].
[2] [Id. at ¶ 20]; [Doc. No. 10-2].
[3] [Doc. No. 1, ¶ 21]; [Doc. No. 15, p. 7].
[4] [Doc. No. 15, p. 7].
[5] [Id.].

Nunez continued to live in the United States for approximately three years, attending "every ICE-New York check-in and all of his immigration court dates with his counsel."[6] On September 15, 2025, U.S. Immigration and Customs Enforcement ("ICE") detained Nunez without notice when he attended an ICE check-in in Syracuse, New York.[7] ICE moved Nunez to the Jackson Parish Correctional Facility in Jonesboro, Louisiana, where he currently remains.[8]

Pursuant to a July 8, 2025, interim policy, ICE detained Nunez without the ability to seek a bond hearing before an Immigration Judge.[9] On September 5, 2025, the BIA issued a precedential decision, in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), that affirmed the July 8, 2025, interim policy, finding all aliens who entered the United States without admission may be detained, pending removal, without bond under the Immigration and Nationality Act § 235(b) ("INA"), 8 U.S.C. § 1225(b).[10] Nunez then filed his Habeas Petition, arguing his detention without bond violates his rights under the Fifth Amendment's Due Process Clause, the Fourth Amendment, and the INA.[11] Nunez also filed supplemental materials, arguing he is also entitled to relief under the nationwide class-action certification issued by the Central District of California in *Maldonado Bautista v. Noem*, No. 5:25-CV-1873, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025).[12]

---

[6] [Doc. No. 1, ¶¶ 23–24].

[7] [Id. at ¶ 23].

[8] [Id. at ¶ 16].

[9] [Id. at ¶ 3]; *see also* U.S. Immigr. & Customs Enf't, *Interim Guidance Regarding Detention Authority for Applicants for Admission* (July 8, 2025), https://myattorneyusa.com/wp-content/uploads/2026/01/applications-for-admission.pdf.

[10] [Doc. No. 1, ¶ 4].

[11] [Id. at ¶¶ 46–67].

[12] [Doc. No. 7].

On March 31, 2026, before the Court could rule on the Habeas Petition, the BIA dismissed Nunez's appeal of his removal order,[13] making his removal order final. *See* 8 C.F.R. § 1241.1(a). Then, on April 20, 2026, the Magistrate Judge issued the Report and Recommendation, which suggested granting Nunez habeas relief on procedural due process grounds.[14] Respondents disagree.[15]

The parties thoroughly briefed the issue, making it ripe for ruling.

## II.   Law and Analysis

### A.   Standard of Review

"The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. "[A]bsent suspension, the writ of habeas corpus remains available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const. art. I, § 9, cl. 2). "It is well established" that these protections also apply to aliens. *See Trump v. J. G. G.*, 604 U.S. 670, 673 (2025) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)).

Congress authorizes district courts to grant "writs of habeas corpus . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). To issue the writ, the petitioner must be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

---

[13] [Doc. No. 18-1, p. 1].
[14] [Doc. No. 17, pp. 7–17].
[15] [Doc. No. 18].

A court considering a habeas petition must "determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243.

### B. Discussion

The Court first lays out the statutory framework. Then, it analyzes Nunez's specific arguments.

Only four provisions of the complex web that is immigration law are relevant here: 8 U.S.C. § 1225(b)(2), 8 U.S.C. § 1226(a), 8 U.S.C. § 1229a, and 8 U.S.C. § 1231.

The Court starts with § 1225(b)(2). This section states that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). As the Fifth Circuit holds, any alien present in the country who entered without lawful admission is an "applicant for admission" and subject to § 1225(b)(2)'s broad sweep. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502 (5th Cir. 2026) (citing 8 U.S.C. § 1225(a)(1)).

Next is § 1226(a). That section provides that "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). But those detained under § 1226(a) may be released on bond or conditional parole. *Id.* (a)(1–2). Section 1226(a), as parsed by the Fifth Circuit, applies to those aliens who were lawfully admitted and present in the country but who then "overstay their visas, become deportable on many different grounds, or were admitted erroneously due to fraud or some other error." *Buenrostro-Mendez*, 166 F.4th at 505.

Page 4 of 8

Then there is § 1229a, laying out the procedures and form of a removal proceeding. 8 U.S.C. § 1229a. And unless Congress provides another avenue, a § 1229a proceeding is "the sole and exclusive procedure for determining whether an alien may be admitted to the United States or, if the alien has been so admitted, removed from the United States." *Id.* (a)(3). Thus, the government must provide an alien a § 1229a proceeding to issue them a removal order.

Finally, there is § 1231, which declares that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). But the 90-day limit may be extended if an alien does not cooperate in good faith, *see id.* (a)(1)(C), or if they are inadmissible. *See id.* (a)(6). The removal period, typically, begins on the date the order of removal becomes administratively final. *Id.* (a)(1)(B)(i). And an order of removal becomes administratively final when the BIA dismisses an alien's appeal of that order. *See* 8 C.F.R. § 1241.1(a). "During the removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2)(A).

Put differently, an alien may be initially detained under § 1225 or § 1226, pending a § 1229a proceeding. But after a § 1229a proceeding occurs and the alien is ordered removed, only § 1231 authorizes—and effectively requires—the government to detain the alien. And the Supreme Court recognizes one method for challenging detention under § 1231, a *Zadvydas* claim. *Zadvydas v. Davis*, 533 U.S. 678 (2001). With this analytical framework in mind, the Court turns to Nunez's claims.

Nunez's statutory claim is that he should be detained under § 1226(a) and not § 1225(b)(2), and, therefore, he should receive a bond hearing to determine whether he ought to remain detained during the course of his removal proceedings.[16] Nunez's class action claim, to the extent he makes that a separate claim, argues the same but relies on the Central District of California's *Maldonado Bautista* ruling.[17] Finally, Nunez's Fifth Amendment Due Process claim is that his pre-removal detention is unconstitutional as the government did not provide reasons on why they re-detained Nunez and why they think he should not be released on bond.[18]

The Court, currently, finds it unnecessary to address the merits of these claims for a simple reason. The BIA dismissed Nunez's appeal of his removal order on March 31, 2026.[19] As such, Nunez's removal order is final. *See* 8 C.F.R. § 1241.1(a). This means the government is currently detaining him under § 1231. *See* 8 U.S.C. § 1231(a)(2)(A). So Nunez's statutory, class-action, and constitutional challenges to his pre-removal detention are effectively moot. *See Oyelude v. Chertoff*, 170 F. App'x 366, 367 & n.4 (5th Cir. 2006) ("Oyelude's challenge to his § 1226 detention was mooted . . . when his final removal order was entered and the Attorney General's authority to detain him shifted to § 1231."). The Court, therefore, does not address the merits of these claims. "[I]f it is not necessary to decide more, it is necessary not to decide more[.]" *PDK Lab'ys., Inc. v. United States DEA*, 362 F.3d 786, 799 (D.C. Cir. 2004) (Roberts, J., concurring in part and concurring in judgment).

---

[16] [Doc. No. 1, ¶¶ 55–67].
[17] [Doc. No. 7]; *see also* [Doc. No. 17, p. 7].
[18] [Doc. No. 1, ¶¶ 26, 46–54]; *see also* [Doc. No. 17, p. 7].
[19] [Doc. No. 17, p. 4]; *see also* https://acis.eoir.justice.gov/en/caseInformation (last visited June 1, 2026).

If Nunez seeks relief from § 1231 (post-removal) detention, he must bring a *Zadvydas* claim. *See Zadvydas*, 533 U.S. 678. Nunez's reply to Respondents' objections attempts to make a *Zadvydas* claim.[20] But this fails for two reasons. First, courts disfavor raising new arguments in a reply brief, let alone a new claim. *See Allen v. Hays*, 65 F.4th 736, 746 (5th Cir. 2023). Second, and on the merits, *Zadvydas* holds detention under § 1231 is presumptively constitutional for up to six months. *Zadvydas*, 533 U.S. at 701. What's more, "detention is mandatory" for the first 90 days following a final order of removal and Nunez is still within that removal period. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528 (2021) (citing 8 U.S.C. § 1231(a)(2)). As his post-final removal order detention began on March 31, 2026, Nunez's *Zadvydas* claim is not only improperly raised but also premature. So the Court does not reach this claim's merits as well. *See PDK Lab'ys.*, 362 F.3d at 799 (Roberts, J., concurring in part and concurring in judgment).

Finally, there is Nunez's Fourth Amendment claim. In it, he argues that ICE unconstitutionally arrested him, at the check-in, without probable cause.[21] On this claim, the Court agrees with the Report and Recommendation. As the Magistrate Judge found, Nunez's Fourth Amendment claim is intertwined with and arises from the government's decision to commence proceedings against him.[22] Section 1252(g) strips courts of subject matter jurisdiction over causes or claims "arising from the decision or action by the Attorney General to commence proceedings" against an

---

[20] [Doc. No. 20, pp. 5–7].
[21] [Doc. No. 1, ¶ 54].
[22] [Doc. No. 17, p. 6 & n.3].

alien. 8 U.S.C. § 1252(g). "When courts lack subject matter jurisdiction over a case, they lack the power to adjudicate [it] and must dismiss it." *Goodrich v. United States*, 3 F.4th 776, 779 (5th Cir. 2021) (citation and internal quotation marks omitted). Since Nunez's Fourth Amendment claim arises from the government's decision to commence proceedings against him, § 1252(g) bars the Court from adjudicating it.

To sum, Nunez's statutory, class-action, and Fifth Amendment claims are effectively moot. The Court does not have jurisdiction over his Fourth Amendment claim. And Nunez's *Zadvydas* claim is improperly raised and premature. Thus, Nunez has not shown that he is, currently, entitled to habeas relief.

## III.    Conclusion

For these reasons, the Court **DECLINES TO ADOPT** the Report and Recommendation of the Magistrate Judge [Doc. No. 17], and Nunez's Habeas Petition [Doc. No. 1] will be **DISMISSED WITHOUT PREJUDICE** to his right to reassert a challenge under *Zadvydas* once he has been detained for sufficient time.

MONROE, LOUISIANA, this 1st day of June 2026.

TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE